25CA0715 Marriage of Granquist 04-02-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0715
Archuleta County District Court No. 24DR28
Honorable Jeffrey R. Wilson, Judge

In re the Marriage of

Joel Granquist,

Appellant,

and

Cindi Granquist,

Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE GOMEZ
Pawar and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 2, 2026

The Law Firm of Anderson & Baker, LLC, Curtis Kofoed, Durango, Colorado, for
Appellant

No Appearance for Appellee

¶ 1     In this dissolution of marriage proceeding involving Joel Granquist (husband) and Cindi Granquist (wife), husband appeals the property division and maintenance portions of the permanent orders.  We reverse and remand the case to the district court for further proceedings.

## I.     Background

¶ 2     The parties married in 2007.  They filed a co-petition to dissolve their marriage in 2024.  By that time, both parties had retired and were receiving social security benefits.  Husband was also receiving a monthly pension benefit.

¶ 3     Five months after the case opened, the district court held a permanent orders hearing.  The parties agreed on how to divide some of their assets, including several bank accounts and their automobiles.  But they disagreed over the division of their home equity, husband's pension, husband's thrift savings plan, a PayPal account, and some personal property.  Further, although the parties agreed that wife should receive maintenance, they disagreed over the amount and term of maintenance.

¶ 4     After the hearing, the district court dissolved the marriage and entered permanent orders.  The court allocated many of the parties'

assets according to husband's proposed division. It then calculated the marital portion of equity in husband's home and awarded half to each party. It ordered that husband would "retain" all of his pension and that each party would "retain" any IRA they owned, and it awarded wife $80,000 from husband's thrift savings plan. It also ordered that husband owed wife $187,166 "as a property settlement." Finally, it awarded wife $1,075 per month in maintenance for a term of eight years and eight months.

¶ 5    Thereafter, husband moved the district court to reconsider maintenance, arguing that it erroneously double-counted his pension as both property and income. The court denied the motion.

## II.    Property Division

¶ 6    Husband challenges the district court's allocation of marital property. He contends that the court's findings were insufficient to support the property division. We agree.[1]

_____

[1] Husband also argues that the court's valuation and division of the thrift savings plan was arbitrary and that the overall division of the marital estate was inequitable. Because we reverse the property division for more findings, we need not address those arguments.

A. Applicable Law and Standard of Review

¶ 7    When dividing a marital estate, a district court must first determine whether an interest constitutes "property." *In re Marriage of Balanson*, 25 P.3d 28, 35 (Colo. 2001). Then it must determine whether property is marital property (which is subject to division) or separate property (which is not). § 14-10-113(1), C.R.S. 2025; *In re Marriage of Corak*, 2014 COA 147, ¶ 9.

¶ 8    Next, the district court is "required to find the approximate current value of all property owned by the parties." *In re Marriage of Wright*, 2020 COA 11, ¶ 4. Specific findings as to the value of each asset are not always required, but the basis of the resulting property division must be apparent from the court's findings. *See id.*; *In re Marriage of Page*, 70 P.3d 579, 582 (Colo. App. 2003). It is the parties' duty to present the court with the requisite data to value property, and any failure in that regard should not provide them with grounds for review. *See In re Marriage of Zappanti*, 80 P.3d 889, 892 (Colo. App. 2003).

¶ 9    After identifying and valuing the parties' assets, the district court must equitably — but not necessarily equally — divide the marital property. § 14-10-113(1); *Wright*, ¶ 3. In doing so, the

court must consider all relevant factors, including each party's contribution to the acquisition of the marital property, the value of each party's separate property, each party's economic circumstances, and any increases or decreases in the value of separate property during the marriage or depletion of separate property for marital purposes. *See* § 14-10-113(1)(a)-(d).

¶ 10 Although the district court isn't required to make specific findings as to each statutory factor, *see In re Marriage of Smith*, 2024 COA 95, ¶ 71, its findings must be "sufficiently explicit . . . to give the appellate court a clear understanding of the basis of its order," *In re Marriage of Gibbs*, 2019 COA 104, ¶ 9.

¶ 11 The district court has considerable latitude to enter an equitable property division based on the facts of each case. *In re Marriage of Collins*, 2023 COA 116M, ¶ 19. Thus, we won't disturb its decision absent an abuse of discretion. *Id.*

## B.   Analysis

¶ 12 For four reasons, we agree with husband that the district court's findings were insufficient to support its property division.

¶ 13 First, the court's findings about husband's pension were unclear. It was undisputed that the parties were married for the

last ten years of husband's thirty-three-year employment and that the pension derived from that employment. Thus, the record seems to indicate that only a portion of the pension was marital property, while the rest was husband's separate property. *See* § 14-10-113 (property acquired before the marriage is typically not marital property). But the court simply ordered that "husband shall retain 100% of his pension" and that it was "not dividing" the pension with wife. Based on that, we cannot decipher how the court accounted for the marital portion of the pension in its overall property division. And if it didn't consider the marital and premarital portions of the pension separately, then it erred. *See In re Marriage of Capparelli,* 2024 COA 103M, ¶ 9 (the court must set aside the parties' separate property before dividing the marital property).

¶ 14    Moreover, while we acknowledge that the parties provided little evidence about the value of husband's pension, they didn't wholly fail to provide such evidence. Rather, husband testified that he was receiving a pension benefit of $2,073 per month. Even so, it doesn't appear that the court used that evidence to value the pension, nor did it, in the alternative, explain why it believed it didn't have enough evidence to do so. *See Zappanti,* 80 P.3d at 892 (a court

5

can fulfill its obligation to approximate the value of the parties' property by relying on the evidence available to it).

¶ 15    Second, while the court awarded wife $80,000 of husband's thrift savings plan, it didn't explain how it arrived at that number. Husband testified that only a portion of the $250,000 thrift savings plan was marital property, and wife didn't present any evidence to the contrary. But we can't tell if the court intended to value the marital portion of the plan at $80,000 and award wife the entire marital portion or if it intended to make some other valuation. Without an understanding of how the court valued the marital portion of the plan, we cannot determine the overall value of the marital estate or the percentage of the estate awarded to each party.

¶ 16    Third, we cannot ascertain the basis of the $187,166 payment the court ordered husband to pay to wife. Although the court said it would "make appropriate adjustments to the amount of cash the wife will receive to make the property division fair and equitable," we are unsure how the court calculated the payment amount. Even assuming the payment somehow equalized the portion of marital property awarded to each party — which we can't tell because the court didn't value all the property in the marital estate — the court

didn't explain how an equal division represented an equitable division of the entire marital estate.  *See Wright*, ¶ 3 (an equitable division is not necessarily an equal division).

¶ 17     And fourth, while it's true that the court wasn't required to make detailed findings as to each factor under section 14-10-113(1), *see Smith*, ¶ 71, aside from a generalized statement that it considered "[section] 14-10-113(1) concerning the division of marital property," nothing in the court's order shows that it meaningfully considered the factors.  For example, the court didn't discuss the parties' contributions to the marital estate or their respective economic circumstances in any way.  *See* § 14-10-113(1)(a), (c).  And the court's discussion about the parties' separate property was minimal.  It noted that part of the home equity was husband's separate property and suggested that some of husband's pension and thrift savings plan were separate as well.  But it didn't discuss the value of the parties' separate property or how the separate property affected its property division.  *See* § 14-10-113(1)(b).

¶ 18     For these reasons, we conclude that the district court's findings were insufficient and, thus, we cannot meaningfully review

its property division.  *See Gibbs*, ¶ 9; *In re Marriage of Aldrich*, 945 P.2d 1370, 1379 (Colo. 1997).  Accordingly, we reverse the property division and remand for the district court to make additional findings.  *See In re Marriage of Vittetoe*, 2016 COA 71, ¶¶ 36-37; *Aldrich*, 945 P.2d at 1379.

¶ 19    On remand, the district court may take additional evidence as it deems necessary to facilitate its additional findings.  *See Corak*, ¶ 21.  But the court must value the marital property as it existed on the date of the permanent orders hearing.  *See* § 14-10-113(5); *In re Marriage of Finer*, 920 P.2d 325, 331 (Colo. App. 1996).  The court must also give the parties an opportunity to present any new evidence concerning their current economic circumstances.  *See* § 14-10-113(1)(c) (the district court considers the parties' economic circumstances at the time the property division "is to become effective"); *see also In re Marriage of Powell*, 220 P.3d 952, 961 (Colo. App. 2009) (requiring the district court to consider the parties' financial circumstances at the time of remand when reconsidering a property division).

¶ 20    Further, the district court may adjust the property division as is necessary to achieve an equitable result in light of its additional

findings. *See Vittetoe*, ¶ 38. The court must make findings of fact and conclusions of law that are sufficiently explicit to show basis of its order. *See Gibbs*, ¶ 9; *In re Marriage of Rozzi*, 190 P.3d 815, 822 (Colo. App. 2008).

### III. Maintenance Award

¶ 21    Because we have reversed the property division, we must also reverse the maintenance award for the district court to reconsider it in light of the revised property division and the parties' economic circumstances at the time of the remand proceedings. *See Capparelli*, ¶ 28; *see also In re Marriage of Nevarez*, 170 P.3d 808, 815 (Colo. App. 2007) (noting that property division and maintenance are inextricably intertwined).

¶ 22    However, because it is likely to arise on remand, we address husband's argument that the district court erred by counting his pension as both property and income for purposes of calculating maintenance. *See Capparelli*, ¶ 2 (addressing particular arguments because they were likely to arise on remand).

¶ 23    For purposes of calculating maintenance, "[p]ension payments and retirement benefits actually received that have not previously been divided as property in th[e] action" may be included as income.

§ 14-10-114(8)(c)(I)(H), C.R.S. 2025.  Here, as we've indicated, it's unclear how the district court accounted for the marital portion of the pension in its property division.  It is apparent, though, that the court included the entire amount of husband's monthly pension benefit as income when it calculated maintenance.

¶ 24    But even when a pension is in payout status, it is still considered property that is potentially subject to division.  *See In re Marriage of Kelm*, 912 P.2d 545, 547 (Colo. 1996); *see also Zappanti*, 80 P.3d at 892-94 (a portion of the husband's monthly pension payment was marital property subject to equitable division).  And there is nothing in sections 14-10-113 or 14-10-114, nor can we find any legal authority, that gives a court the discretion to remove the marital portion of a pension in payout status from the marital estate and instead count it as income for determining maintenance.  At the same time, a court cannot divide the separate portion of a party's pension because separate property is not subject to equitable division.  *See* § 14-10-113(1); *Capparelli*, ¶ 9; *see also In re Marriage of Seewald*, 22 P.3d 580, 586 (Colo. App. 2001) (separate property is "shielded from distribution").

¶ 25    Moreover, when, as here, a party's pension is partially marital and partially separate, section 14-10-114(8)(c)(I)(H) allows the court to include the separate portion of the pension as income when calculating maintenance.

¶ 26    Accordingly, on remand, the court must calculate the portion of the pension that is marital property and must allocate it as part of the property division, while reserving for husband the portion of the pension that is his separate property.  And the court may consider the portion that is reserved as husband's separate property as a source of income when reconsidering maintenance.  What the court cannot do is count the marital portion of the pension twice, allocating it as part of the property division and then counting it again as income for either party for purposes of maintenance.

¶ 27    The district court must make sufficient findings of fact and conclusions of law to explain its decision on these issues, as well as on the other steps for determining maintenance.  This includes

- "mak[ing] written or oral findings" on the parties' gross incomes, the distribution of marital property, the parties' financial resources, their reasonable financial needs

11

established during the marriage, and the taxability of any maintenance awarded, *see* § 14-10-114(3)(a)(I)(A)-(E);

- determining the amount and term of maintenance, if any, that is fair and equitable after considering a nonexclusive list of statutory factors as well as the statutory guidelines on the amount and term of maintenance, *see* § 14-10-114(3)(a)(II), (3)(c); and

- determining whether wife lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment, *see* § 14-10-114(3)(a)(II)(C), (3)(d).

## IV.  Disposition

¶ 28    The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE PAWAR and JUDGE JOHNSON concur.